**John F. KEEGAN, Petitioner,**

v.

**Lonnie LAWRENCE, Director of Dade County Dept. of Corrections, Respondents.**

**No. 90–2611–CIV.**

United States District Court, S.D. Florida, Miami Division.

Oct. 24, 1991.

Jesse C. Jones, Miami, Fla., for petitioner.

Jorge Espinoza, Asst. General Counsel, Howard Green (ENNIA), Alan T. Dimond, Miami, Fla., for respondents.

## ORDER

MORENO, District Judge.

THIS CAUSE came before the Court upon Petitioner's Objection to Magistrate's Report and Recommendation of June 5, 1991.

## Facts

Petitioner John F. Keegan has been incarcerated in the Dade County Jail since August 10, 1990. He is incarcerated pursuant to a post-judgment order in a state court civil proceeding finding him in civil contempt and ordering him to remain incarcerated until he pays the sum of $2,000,-000. Plaintiff in the state court proceedings, Ennia General Insurance Company, has obtained a judgment against Petitioner and other parties in the amount of $24,000,-000. The state circuit court judge, the Honorable Amy Steele Donner, found that Petitioner violated a 1984 injunction which required him to collect all initial and renewal premiums on business written on behalf of Ennia, and provide payment to Ennia of all return premiums on business written on its behalf. A co-defendant in the state court case testified that Petitioner moved monies in excess of $2,000,000 into accounts that were in Petitioner's control. A contempt hearing was held where Petitioner was found to have violated the state court's order. The order finding Petitioner in civil contempt states that he will be purged of the contempt upon payment of the $2,000,000.

Petitioner filed several motions for relief in state court, all of which were denied. Petitioner's initial Petition for Writ of Habeas Corpus was denied by Order of this Court for failure to exhaust all available state remedies on September 4, 1990. Subsequently, the Third District Court of Appeal affirmed the order of contempt *per curiam,* without opinion. On November 16, 1990, Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody before this Court. This motion was referred to United States Magistrate Judge Peter R. Palermo by this Court for a Report and Recommendation. Judge Palermo Recommended that Petitioner's Petition for Writ of Habeas be denied because of a pending motion for reconsideration which has been pending before Judge Donner since January of 1991. Additionally, Judge Palermo expressed concern that newly produced boxes of documents "may also play a very important role in this scenario."

On June 25, 1991, Petitioner filed his Objection to the Magistrate's Report and Recommendation. Oral argument was presented before this Court on September 26, 1991. A hearing was held before Judge Donner on October 24, 1991 regarding the completion of discovery and Keegan's pending motion to purge himself of contempt.

## Analysis

■ The federal courts have long recognized that an individual's liberty interest is of tantamount importance in a constitutional democracy. *Palma v. Powers,* 295 F.Supp. 924, 937 (N.D.Ill.1989), *citing Fay v. Noia,* 372 U.S. 391, 422–425, 83 S.Ct. 822, 839–842, 9 L.Ed.2d 837 (1963). Petitioner correctly brings this habeas corpus petition under 28 U.S.C. § 2254, seeking to vacate a state court order holding him in contempt. *Karem v. Priest,* 744 F.Supp. 136, 137 (W.D.Tex.1990).

■ Civil Contempt is a remedial sanction designed and intended to obtain compliance with a court order or to compensate for damages sustained as a result of noncompliance. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1948). Because the incarceration is used solely to obtain compliance, it must be used only when the contemnor has the ability to comply. Of course, "to jail one for a contempt for omitting an act he is powerless to perform would reverse this principle and make the proceeding purely punitive, to describe it charitably." *Maggio v. Zeitz,* 333 U.S. 56, 72 [68 S.Ct. 401, 409, 92 L.Ed. 476]. This ability to comply is the contemnor's "key to his cell." *Bowen v. Bowen,* 471 So.2d 1274, 1277 (Fla.1985).

■ Civil Contempt hearings proceed in three stages:

Such proceedings involve (1) issuance of an order; (2) following disobedience of that order, issuance of a conditional order finding the recalcitrant party in contempt and threatening to impose a specified penalty unless the recalcitrant party purges itself

of contempt by complying with prescribed purgation conditions; and (3) exaction of the threatened penalty if the purgation conditions are not fulfilled. *Piambino v. Bestline Products, Inc.*, 645 F.Supp. 1210 (S.D.Fla.1986); *National Labor Relations Board v. Blevins Popcorn Co.*, 659 F.2d 1173, 1184 (D.C.Cir.1981). At the critical stages all parties are entitled to the guarantees of due process embodied in the Fourteenth Amendment. *Shillitani v. United States*, 384 U.S. 364, 370–371, 86 S.Ct. 1531, 1535–1536, 16 L.Ed.2d 622 (1966).

It is beyond question that a court may use the remedy of a citation of contempt to enforce an earlier judgment. *Newman v. State of Alabama*, 683 F.2d 1312, 1318 (11th Cir.1982). (1986).

■ This case involves state court contempt proceedings and, therefore, Florida Law is deemed applicable. In civil contempt proceedings, the defaulting party has the burden to come forward with evidence to dispel the presumption that he had the ability to pay and has willfully disobeyed the court order. *See Bowen v. Bowen*, 471 So.2d 1274 (1985).

■ There is a currently pending motion pending before the state court that deals specifically with Keegan's ability to purge himself of contempt. As is evidenced by the transcript of the hearing of October 24, 1991, Judge Donner has expressed a willingness to hear Keegan's motion to purge himself of contempt immediately upon the petitioner's request. It would be the worst form of judicial intrusion for this court to step in and rule on a matter that is pending and active before the state court judge. Furthermore, the state court is in a much better position to assess the credibility of the petitioner as a witness for his claim of his ability to pay the money as ordered.

■ Consistent with Florida and federal case law, the state Circuit court properly placed the burden of proving his inability to comply with the contempt order on Keegan. As recently as 1988, the Supreme Court reaffirmed its position that in the context of civil contempt, shifting the burden of proving the contemnor's inability to comply with a court order does not violate due process. *Hicks v. Feiock*, 485 U.S. 624, 638, 108 S.Ct. 1423, 1433, 99 L.Ed.2d 721 (1988); *Maggio v. Zeitz*, 333 U.S. 56, 75–76, 68 S.Ct. 401, 411–412, 92 L.Ed. 476 (1948).

■ Keegan's indefinite civil contempt incarceration sentence is clearly within the inherent power of the state Circuit court to coerce his compliance with the contempt order. *See, e.g., Piambino v. Bestline Products, Inc.*, 645 F.Supp. 1210 (S.D.Fla.1986). Notwithstanding, it must be recognized that incarceration for civil contempt "cannot go on forever if the contemnor does not comply." *Maggio v. Zeitz*, 333 U.S. 56, 76, 68 S.Ct. 401, 411, 92 L.Ed. 476 (1948). Instead, the state court must periodically examine whether the incarceration continues to a reasonable likelihood of coercing Keegan to comply. The state court is in the best position to assess the credibility of Keegan and his witnesses and to evaluate all the relevant evidence. Keegan bears the burden of showing that the incarceration has lost its coercive effect. *See Bowen*, at 1280. In this case, Keegan's burden requires him to show his inability to comply with the order. *Piambino v. Bestline*, 645 F.Supp. 1210 (S.D.Fla. 1986).

For the foregoing reasons, it is ADJUDGED that the petitioner's Petition for Writ of Habeas Corpus is DISMISSED. The state Circuit Court will determine whether Keegan lacks the ability to pay the purge amount or has otherwise purged himself of contempt.

DONE AND ORDERED.